## PATTERSON ET AL. v. LOUGHRIDGE AND POWERS.

1. In case of a misjoinder of defendants, and no notice given by the defendants of such misjoinder, according to the practice act, the plaintiff is not entitled to a verdict against all the defendants, unless such verdict be warranted by the proofs.

2. In such a state of the proceedings, the plaintiff cannot be nonsuited, if he proves a case against any of the defendants, but will have a verdict against such only as are proved to be liable.

Rule to show cause.

Argued at November Term, 1879, before BEASLEY, CHIEF JUSTICE, and Justices DALRIMPLE, VAN SYCKEL and DIXON.

For the plaintiffs, *Cortlandt Parker*.

For the defendants, *Wm. J. Magie*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. With the result reached in this case, so far as such result depends on the proper solution of the questions of fact involved in the controversy, this court would not be justified in interfering. The direct testimony was conflicting, and the indications arising from the circumstances proved were uncertain and obscure, so that it would be altogether unreasonable for this court to declare that the conclusion of the jury is manifestly erroneous. This verdict cannot be disturbed on the ground that it does not harmonize with the proofs.

Nor will the legal objection which has been taken to the conduct of the trial avail the defendants on their present motion. That objection is that the suit, being on contract against two defendants, the jury were instructed that, if the evidence led them to such a conclusion, they could find a verdict against one alone of such defendants. This proposition is impugned, on the ground that unless, when there is a misjoinder of defendants, the course marked out in the thirty-eighth section of the practice act (*Rev.*, *p.* 854,) be followed, the fact of a joint contract cannot be disputed at the trial. But this construction of this statutory provision would not be reasonable, however closely it may fit to the language of the act. That language is: "The joinder of too many defendants, in any action upon contract, shall not be objected to on the trial of the cause, unless the defendant, within five days after filing his plea or demurrer, give written notice to the plaintiff of such intended objection;" and as that notice was not given in this case, it is now contended, as it was contended at the trial, that if the plaintiffs proved the liability of either of the defendants to them on contract, they were entitled to a verdict against both. Thus, to exemplify this interpretation, if A should sue B and C, on a promissory note, and no notice of a

misjoinder should be given under the statute, a recovery against both would be the inevitable result, in case a note was produced at the trial signed by either of such defendants. By force of such a rule, the court would be called on to pronounce judgment against a litigant for a debt which it affirmatively appeared he did not owe. It is certainly difficult to suppose that the legislature, in enacting this law, could have intended to absolutely require courts of justice to visit a party who, from ignorance or misconception, had omitted to pursue a certain form of proceeding, with consequences so highly inequitable and penal. So abnormal a rule could not be established, except by legislative language which would admit of but a single meaning. Such language I do not find in the present instance. This provision does not prescribe that, on failure to give the required notice, a judgment shall go against all the parties joined, irrespective of the proofs; all that it says is that the joinder of too many defendants shall not be objected to at the trial. But the misjoinder is not objected to at the trial, if the plaintiff is permitted to make his case against all or any of the defendants. Wherein, in such a course, is there any objection on account of the misjoinder? At common law, the misjoinder of defendants in an action *ex contractu*, when the point was made and developed at the trial, resulted in a nonsuit; and the statutory provision in question is remedial of that inequitable result. When this act, therefore, says that no advantage shall be taken, at the trial, of the misjoinder, the meaning is that the common-law advantage of nonsuiting the plaintiff shall not be taken. As the right to nonsuit was the only advantage arising from the misjoinder known to the law, the language of the statute must be understood as referring to such right. And it is to be noted that the adverse construction goes upon the idea, not so much that the provision is a restriction upon the defendants, as that it confers a substantive right on the plaintiff, for the contention is that the plaintiff is entitled to a judgment against two persons, upon proving a debt due from one of them. A provision contrived to prevent defendants from

taking an undue advantage of the plaintiff could not have been designed to invert the situation, permitting the latter to take an undue advantage of the former.

Nor do I find anything in the other parts of this section which seems to countenance the construction discarded by me. The regulation which follows the direction already quoted, looking to an amendment of the proceedings before the trial, are directions incident to the course to be pursued if notice of misjoinder be given. In such event, in the nature of things, the amendment must be made prior to the trial, but such a provision cannot logically give rise to any implication against an amendment when the conditions of the procedure are changed. It does not follow that because, when a notice of misjoinder has beeen given, such amendments as are made must precede the time of trial, that when a notice is not given, amendments may not be made at, or subsequent to, the trial.

In short, in my opinion, the course of practice provided for in this statute is this: If the defendant desires to stand on his common-law right, and nonsuit the plaintiff at the trial, by reason of the existence of a misjoinder, he must give the statutory notice. If such notice be given, the plaintiff has an alternative either to amend before trial or run the risk of being nonsuited; if no notice be given by the defendant, then the plaintiff cannot be nonsuited for the reason of a misjoinder, but may recover against such of the defendants as the proofs warrant, and in such event, after the verdict, the proceedings may be amended so as to accord with the fact as found. This interpretation of the statute does not appear to me to be opposed to its language, and leads to the establishment of a convenient and reasonable rule of practice. So far as is known, it is in harmony with the course heretofore pursued at the Circuits, and it has the support, also, of the intimations in the case of *Craft* v. *Smith*, 6 *Vroom* 302. It is directly sustained by the decision in the analogous case of *Brown* v. *Fitch*, 4 *Vroom* 418. The case of *Fleming* v. *Freese*, 2 *Dutch.* 263, is in no wise in point, as it was a proceeding under the statute against joint debtors—a proceeding

which, for very obvious reasons, cannot be subjected to the control of the statutory regulation above considered.

Let the rule be discharged.